## MEEKER *v.* LEHIGH VALLEY RAILROAD.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 435.   Argued October 13, 14, 1914.—Decided February 23, 1915.

*Meeker & Co.* v. *Lehigh Valley R. R.*, *ante*, p. 412, followed as to construction effect of the amendment to § 16 of the Act to Regulate Commerce and the act of June 29, 1906, in regard to presentation of claims by shippers against carriers for damages by reason of unreasonable and excessive rates and discrimination, and that the attorney's fee allowed for recovery of the amount awarded can only be for proceeding in court and not on proceedings before the Commission.

A report of the Interstate Commerce Commission holding a rate excessive and declaring what would be a reasonable rate and a reparation order based thereon were properly admitted as *prima facie* evidence of the facts therein contained, although made in another and identical proceeding between the same parties, and which the Commission had power in its discretion to consolidate therewith, it also appearing that the carrier did not then object to its admission and the order recited that it was made after a full hearing on, and submission of, the issues in the proceeding in which it was made.

Harmless error constitutes no ground for reversal, and so *held* as to the presence of irrelevant matter in a report of the Interstate Commerce Commission which matter, while it should not have gone to the jury, did not prejudice respondent.

211 Fed. Rep. 785, reversed.

THE facts, which involve the construction of §§ 1, 2 and 16 of the Act to Regulate Commerce and questions of discrimination, are stated in the opinion.

*Mr. John A. Garver* and *Mr. William A. Glasgow, Jr.,* for petitioner.

*Mr. John G. Johnson,* with whom *Mr. Edgar H. Boles, Mr. Frank H. Platt* and *Mr. George W. Field* were on the brief, for respondent.   (See argument, *ante,* p. 412.)

By leave of court, *Mr. Joseph W. Folk* and *Mr. Charles W. Needham* filed a brief in behalf of the Interstate Commerce Commission.

Mr. Justice Van Devanter delivered the opinion of the court.

This is a companion case to that just decided and involves a claim for reparation similar to the second claim in that case, and arising out of the same rate.

In this instance the shipper was Henry E. Meeker, who had succeeded to the business of Meeker & Company, the shippers in the other case, and the shipments in respect of which reparation is sought were made between April 13, 1908, and April 13, 1910. Otherwise the two claims differ only in amount. A complaint covering this claim was filed with the Interstate Commerce Commission April 13, 1910, before it passed upon the complaint covering the other. In its report of June 8, 1911, upon the earlier complaint the Commission referred to the later one and said (21. I. C. C. 129, 137): "As the subject-matter of the two complaints is the same, in so far as the reasonableness of the rates is concerned, the disposition of the later case will perhaps be determined by the conclusions reached in this case." In that report it found that the rate in question was excessive and unreasonable and what would have been a reasonable rate, and directed a further hearing upon the matter of reparation. Such a hearing was had on both complaints and, on May 7, 1912, the Commission made a supplemental report, entitled in both cases, in which it referred to its original report and the findings therein and, after dealing with the reparation sought in the first complaint (Commission's No. 1180), said of the present claim (23 I. C. C. 480, 482):

"On basis of our decision in No. 1180, and upon consideration of the evidence submitted at the hearing of the present case regarding the amount of reparation due complainant, we now find that the rates exacted by defendant for the transportation of anthracite coal from the Wyoming coal region in Pennsylvania to Perth Amboy,

N. J., during the period from April 13, 1908, to April 13, 1910, were unreasonable to the extent that they exceeded rates of $1.40 per gross ton on prepared sizes, $1.30 on pea, and $1.15 on buckwheat; that complainant shipped from said point of origin to said destination during the period above set forth, 46,772.02 tons of coal of prepared sizes, 26,972.06 tons of pea coal, and 22,004.09 tons of buckwheat coal; that complainant paid charges thereon, amounting to $136,663.41, at the rates herein found to have been unreasonable, and was damaged to the extent of the difference between the amount which he did pay and $125,849.81, the amount which he would have paid at the rates above found reasonable; and that he is, therefore, entitled to an award of reparation in the sum of $10,813.60, with interest amounting to $1,526.53 upon the individual charges comprising said sum from the dates of payment thereof to September 1, 1911, together with interest on said sum of $10,813.60 from the 1st day of September, 1911.

"The exhibits showing details respecting the shipments upon which reparation is asked are too extensive to be set forth in this report. But inasmuch as the accuracy of the figures in said exhibits respecting the shipments made, freight charges paid, and reparation due, is conceded of record by defendant, we deem it unnecessary to make detailed findings respecting the numerous shipments involved."

Thereupon the Commission made and entered the following order:

"This case being at issue upon complaint and answers on file, and having been duly heard and submitted by the parties, and full investigation of the matters and things involved having been had, and the Commission having, on the date hereof, made and filed a report containing its findings of fact and conclusions thereon, which said report is hereby referred to and made a part hereof:

"It is ordered, That defendant Lehigh Valley Railroad Company be, and it is hereby authorized and required to pay unto complainant, Henry E. Meeker, on or before the 15th day of July, 1912, the sum of $10,813.60, with interest at the rate of 6 per cent. per annum, amounting to $1,526.53 upon the various individual charges comprising said sum, from the dates of payment thereof to September 1, 1911, as itemized in complainant's Exhibit 1, together with interest at the rate of 6 per cent. per annum on said sum of $10,813.60 from September 1, 1911, as reparation for unreasonable rates charged for the transportation of various shipments of anthracite coal from the Wyoming coal region in Pennsylvania to Perth Amboy, N. J., which rates so charged have been found by this Commission to have been unreasonable, as more fully and at large appears in and by said report of the Commission."

The railroad company was duly served with a copy of the order, but refused to comply with it, and, on September 3, 1912, after the expiration of the period allowed for compliance, the claimant brought the present action in the District Court. The railroad company answered as in the other case. At the trial the plaintiff relied in the main upon the findings and order of the Commission as *prima facie* evidence of the facts therein stated, and no opposing evidence was presented. The plaintiff had a verdict and judgment for $13,161.78, the amount of damages awarded by the Commission with interest. The court also allowed an attorney's fee of $5,000, to be taxed and collected as part of the costs, one-half of the allowance being expressly attributed to services before the Commission and the other half to the services in the action. The case was taken to the Circuit Court of Appeals where the judgment was reversed with that in the other case. 211 Fed. Rep. 785. This case was then brought here in the same way as the other. 234 U. S. 749.

Save that the statute of limitations is not relied upon, the questions here presented are almost all identical with those in the other case, and in so far as they are the same they are sufficiently disposed of by what is there said. There are but two points of difference and they require only brief mention.

The Commission's report of June 8, 1911, finding the rate in question excessive and unreasonable and what would have been a reasonable rate was admitted in evidence over the defendant's objection that it was made in another and separate proceeding, that is, upon the complaint of Meeker & Company, and therefore was not admissible in this case for any purpose. The objection was rightly overruled. Without any doubt it was within the discretion of the Commission to permit Henry E. Meeker to intervene in respect of his individual claim in the proceeding begun by Meeker & Company or to consolidate his complaint with theirs. This, in effect, is what was done. The supplemental report so shows and it does not appear that the railroad company objected to that course or was in any way prejudiced by it. Besides, the reparation order recites that it was made after a full hearing and submission of the issues presented by the complaint and answer relating to this claim and there was no evidence tending to contradict the recital.

The further objection was made to the admission of the same report that it contained much that was not relevant to the case on trial, but the objection was overruled and it is fairly inferable from the record that the entire report was placed before the jury. It hardly could be said that the presence of some irrelevant matter rendered the whole report inadmissible, and yet the objection seems to have been made in that view. The objection would have been better founded had it been confined to what was deemed irrelevant. Of course, all that should have gone before the jury was the relevant findings

in the report, and counsel for the plaintiff ought not to have asked more. But we need not fix the responsibility for what occurred, for it is certain that the defendant was not harmed by it. The case made by the evidence rightly admitted was such as, in the absence of any opposing evidence, and there was none, clearly entitled the plaintiff to a verdict for the amount claimed. Every fact essential to a recovery, save the service of the reparation order and the refusal to comply with it, was *prima facie* established by the findings and order of the Commission and these could not be rejected by the jury in the absence of any countervailing evidence. *Kelly* v. *Jackson*, 6 Pet. 622, 632. The service of the order was expressly admitted and the refusal to comply with it was fully proved and practically conceded. Of course, harmless error constitutes no ground for reversal.

We conclude, therefore, that the judgment of the Circuit Court of Appeals must be reversed and that of the District Court must be modified by eliminating the allowance of an attorney's fee of $2,500 for services before the Commission and affirmed as so modified.

*It is so ordered.*