**WALES et al. v. UNITED STATES et al.**

**Civ. A. 4697.**

United States District Court
N. D. Texas. Dallas Division.
Dec. 27, 1952.

Leonard E. Roach, Oklahoma City, Okl., T. S. Christopher, Fort Worth, Tex., for complainants.

Isaac K. Hay and Edward M. Reidy, Washington, D. C., for Interstate Commerce Commission.

Joe E. Shaw, Houston, Tex., for Newsom Truck Line, Inc.

Ralph Currie, Dallas, Tex., E. H. Muse, Jr. and Morgan Nesbitt, Austin, Tex., for thirteen of the Truck Lines.

Newell A. Clapp, James E. Kilday and E. Riggs McConnell, Special Asst. Atty. Gen., of Pa., Callaway & Reed and Rollo E. Kidwell, Dallas, Tex., for five of the defendant trucking companies.

Before HUTCHESON, Chief Judge, Circuit Court of Appeals, ATWELL, Chief Judge, District Court, and DAVIDSON, District Judge.

ATWELL, Chief District Judge.

This suit was filed on July 2, 1952.

There are four complainant trucking companies against twenty-two respondents, two of which respondents are the United States, and the Interstate Commerce Commission. The respondents, other than the United States and the Interstate Commerce Commission, are alleged to reside in the Dallas division of the Northern District; Oklahoma City, Oklahoma; Tulsa, Oklahoma; Odessa, Texas; Kilgore, Texas; Big Spring, Texas; Wichita Falls, Texas;

Fort Worth, Texas; Houston, Texas; Gainesville, and Burkburnett, Texas.

The complainants allege that the respondents held certificates issued by the Interstate Commerce Commission, authorizing operations in interstate and foreign commerce in varying territories, but usually to serve in the states of Texas, Oklahoma, New Mexico, and Kansas, though some of them held authority to operate in such other states as Arkansas, Louisiana, Mississippi, Alabama, Georgia, Florida, and other states. That in the latter part of 1948 the respondent carriers filed applications seeking authority to operate also to points and places in the states of Colorado, Wyoming, Utah, Arizona, Idaho, Montana, and Nebraska, and also to operate from and between points in the states of Colorado, Wyoming, Utah, Arizona, Idaho, Montana, and Nebraska.

The commodities which they sought authority to transport were, (a) machinery, equipment, materials and supplies used in, or, in connection with the discovery, development, production, refining, manufacture, processing, storage, transmission, and distribution of natural gas and petroleum and their products and by-products. (b) Machinery, equipment, materials, and supplies used in or in connection with the construction, operation, repair, servicing, maintenance, and dismantling and picking up thereof.

Hearings were had upon said applications in April, 1949, in Dallas, to June 20, 1949 when concluded, at Denver, by Clarence E. Simmons, as the Examiner.

That all the applications of the defendant motor carriers for these additional certificates, were separate, and the Examiner, for the purpose of convenience and conserving time and work, consolidated the applications insofar as the hearing was concerned. That the testimony would be taken for or against either application, and would be applicable to such other applications as were pertinent. That the testimony of each witness would be specifically directed to the application, or, applications, which he supports.

Twelve of the applications were heard on such consolidated record, and, subsequently, six additional applications were heard on a consolidated record.

The respondent Newsom Truck Line application was heard separately. Testimony in the Newsom case was taken at Houston on May 2, 1949, and concluded at Denver on June 28, 1949.

On March 27, 1950, the Examiner denied the applications of all the respondents.

The Examiner also denied the application of the Norris Motor Line.

Thereafter, Division No. 5 consolidated all of the eighteen applications, and issued one report covering all eighteen applications and authorized the issuance of the certificate to each of the eighteen applicants. This report was dated June 11, 1951. On the same date, the Newsom Truck Line was also granted a certificate.

It reported that such certificates were issued on the increase in oil field activity in the states heretofore mentioned.

At the time of such issuance, the complainant Wales was authorized to transport the commodities described, between points in Kansas, Oklahoma, and Texas, and between points in Illinois and Missouri, and points in Colorado, Kansas, Nebraska, Oklahoma, and Texas, and between points in Kansas, South Dakota, North Dakota, Wyoming, Montana, Oklahoma, Colorado, Illinois, Indiana, Kentucky, Missouri, Nebraska, and Texas, as well as for heavy machinery and other commodities which required the use of special equipment from points in Colorado, Illinois, Kansas, Missouri, Nebraska, and Oklahoma, as well as commodities, which, because of size, or weight, required special equipment and related parts, between points in Kansas and points in North Dakota, South Dakota, Montana, Wyoming, Utah, New Mexico, and Texas.

Complainant Jones, Inc., or its predecessor, L. C. Jones, held certificates authorizing the transportation of the commodities described, between points in Colorado, Kansas, Oklahoma, Louisiana, New Mexico, Texas, and Wyoming, and between points in Montana and Utah, and between points in Kansas, Oklahoma, and Texas, being

machinery and machinery parts, other than oil field machinery and parts, which, because of size or weight, required special handling or rigging, from points in Oklahoma and Texas, to points in Arkansas, Colorado, Kansas, and Texas.

Complainant Park Hill Trucking Company held certificates authorizing transportation described above, in paragraphs (a) and (b) between points in Arkansas, Colorado, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Missouri, Nebraska, New Mexico, Oklahoma, Texas, and Wyoming. It also was authorized to transport pipe, pipe-line material, machinery and equipment incidental to, and, used in connection with the construction, repairing, or dismantling pipe-lines, between points in Oklahoma, Arkansas, Colorado, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Mexico, New York, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Tennessee, Texas, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.

Complainant Jeffries Trucking Company, Inc., held authority on substantial portions of the service which applicants proposed in case their applications are granted.

After the granting of the certificates to the defendant motor carriers, the entire Commission overruled petitions for rehearing, in which the complainants alleged that there was no present need for the services proposed by the respondents and that the evidence submitted to the Examiner was of a highly speculative character.

They also alleged that they were entirely capable of rendering all services required as motor carriers in the involved territory.

The complainants also allege that the authority of the Interstate Commerce Commission in issuing licenses to the respondents was in violation of statutory authority, arbitrary, unreasonable, unjust, and without support of evidence, and contravenes the National Transportation policy.

They also attack the hearings as being null and void, and that large scale development is highly speculative, and that public convenience and necessity does not require the anticipated service ordered and allowed by the Commission.

Further, that the applications of Armour & Company and Newsom Truck Lines, Inc., made use of the evidence that was offered in other resondents' hearings.

Immediate and irreparable injury and damage is alleged without a reasonably adequate remedy at law.

Permanent injunction setting aside and cancelling the orders complained of is prayed.

Voluminous testimony, covering thousands of pages, was introduced in the hearing before us, and such testimony discloses that there is ample testimony to support the findings of the Commission in overruling the recommendation of the Examiner, and in granting the certificates sought. Such testimony included persons entirely familiar with the incoming oil fields in the mentioned states, with the exception of one or two of such states, and with the vast number of trucks that are required to carry heavy oil drilling and oil developing machinery. Also covering leases that had been made in these particular territories, which, of course, carry expiration dates and necessity for development without delay.

We must conclude that there is ample testimony to support the findings of the Commission. We have no authority to look into the testimony, save for the purpose of discovering whether there is testimony which supports the findings.

As to the attack which is made upon the Examiner, it will be noted that the Examiner found for the complainants, and against the applicants. That there was no attack upon the appointment of the Examiner, nor upon his fairness, nor judicial demeanor. In truth, the record contains compliments that were passed upon him by the Complainants because of his accuracy and fairness.

Thus, evidencing, as the record discloses, their complete satisfaction with him, and they may not now successfully attack the hearings which he held, the man-

ner, the testimony which he heard, and the highly sensible method pursued by him in hearing and preserving the testimony offered by all sides.

The Tucker Truck Lines v. U. S., case, D.C., originally reported in 100 F.Supp. 432, was reversed by the United States Supreme Court, 344 U.S. 33, 73 S.Ct. 67, and the complainants would be estopped now to raise such question, even were there any ground.

We do not understand that the words, "convenience," and "necessity," are to be bounded and limited by any authority, save and except the Interstate Commerce Commission. Nor do we understand that it was the overall purpose of the Transportation Act which authorized more carriers in Interstate Commerce were intended to build a monopoly. No one can study the great oil sands which come down from Montana all through the states involved here, into Colorado, and on down through Texas, without realizing that the development which is now taking place there, and which is being richly rewarded by paying wells, can be expected to be satisfied and sufficiently supplied by motor carriers as now licensed. That very question was a controversial one and it has been settled by the satisfactory amount of evidence which was considered by the Commission.

Able briefs, with a complete exhaustion of applicable decisions, have been filed by both parties, but there are but two militant attacks. Those relate to the consolidation of the hearings by the Examiner, which, as already stated, were all right so long as the Examiner was recommending against the granting. That attitude may not be taken by a litigant after the work has been done in a manner that was quite acceptable to the litigant and resulted in compliments.

■ The practice of consolidating has been approved in Central Transfer Co. v. Term. R. R. Co., 288 U.S. 469, 53 S.Ct. 444, 77 L.Ed. 899; Federal Trade Commission v. Cement Institute, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1009; Greyhound Corp., 57 M.C.C. 123; Meeker v. Lehigh Valley R. Co., 236 U.S. 434, 35 S.Ct. 337, 59 L.Ed. 659, and Akron, C. & Y. R. Co. v. United States, D.C., 22 F.2d 199. Such eliminates costly duplication in the presentation of evidence and affords opportunity of more expeditious disposition of proceeding; T. E. Mercer, et al—Oil Field Commodities, 46 M.C.C. 845. In that case thirty-one applications were before the Commission and were heard on a consolidated record. U. S. v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821.

Protestation was made at that time, charging that it was arbitrary, capricious, and prejudicial, but the Commission said, "It is the duty of the joint Boards and Examiners to develop such procedure in cases before the Commission as will complete the taking of evidence with expedition and economy, without prejudice to the rights of the parties. The respective joint Board members were present at, and actively participated in the proceeding, and in the disposition of the applications assigned them. A very large portion of the evidence adduced applies equally to all of the applications. All parties were afforded the opportunity of a full direct or cross examination of the witnesses. There is no provision in the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., which prohibits the hearing of related joint Board and Examiner cases upon a consolidated record. In the circumstances, it does not appear that any of the parties were, under the procedure adopted, deprived of any substantial rights in the proceedings." Language that is definitely appropriate here.

■ The admission into evidence of Exhibit 50 was not in our opinion prejudicial error, both because it was prepared and written as a quasi-public document in the oil industry, ante litem motam, and because, in proceedings before administrative bodies, strict rules of evidence are not absolutely controlling and will form no basis for reversal in the absence of the document and the comments of the commission with respect to it, we think it clear that its admission constitutes no basis for reversal.

The only other point that remains, has, likewise, been mentioned, and it relates to the quantum supporting the action of the Commission and the granting of the certificates.

■ The Commission, through the application of its expert judgment and experience in, and knowledge of, interstate transportation matters, is the final arbiter upon whether or not additional motor carrier service is required. Public transportation is not something that can belong to an applicant. It is established and determined by proof of conditions which exist in the territory to be served.

The testimony showing the trend of new development and exploration in the oil fields, with their extensive acreage and outstanding leases, and large-scale exploratory operations, together with the great production, furnishes a substantial foundation for the judgment of the Commission. United States v. Carolina Freight Carriers, 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971; Merchants Warehouse Co. v. United States, 283 U.S. 501, 51 S.Ct. 505, 75 L.Ed. 1227; McLean Trucking Co. Inc. v. United States, 321 U.S. 67, 64 S.Ct. 370, 88 L.Ed. 544; Capitol Transit Co. v. United States, D.C., 97 F.Supp. 614; Lang Transportation Corp. v. United States, D.C., 75 F.Supp. 915, 918; Interstate Commerce Commission v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L.Ed. 2051.

It follows that the complaint must be dismissed. Suitable order to that effect may be prepared and presented by counsel.