UNITED STATES of America
v.
AIDES, INCORPORATED.

Crim. A. No. 20826.

United States District Court
E. D. Pennsylvania.

Nov. 29, 1962.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., by Merna B. Marshall, Asst. U. S. Atty., Fred E. Cochran, Regional Atty., I. C. C., Philadelphia, Pa., for plaintiff.

Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., by Joseph L. McGlynn, Jr., Philadelphia, Pa., for defendant.

WOOD, District Judge.

## FINDINGS OF FACT

1. This is a criminal action, instituted by Information under the provisions of Part II of the Interstate Commerce Act (49 U.S.C.A. § 322(a) and 18 U.S.C.A. § 3231 and § 3237), charging the defendant corporation in ten counts with knowingly and wilfully engaging in interstate commerce as a common carrier by motor vehicle without a certificate of convenience or necessity.

2. Defendant is a Pennsylvania Corporation and maintains an office and place of business in the City and County of Philadelphia, Pennsylvania, and does business at and from Philadelphia, Pennsylvania.

3. Defendant had no contracts of a continuing nature or otherwise either (a) for the furnishing of transportation services through the assignment of motor vehicles for a continuing period of time or (b) for the furnishing of trans-

portation services designed to meet the distinct need of each individual customer.

4. Defendant held itself out to the general public through Auto Driveaway Company and Aides, Inc., by means of letters, advertising, solicitation, rate quotations, and otherwise to engage in the transportation of property by motor vehicle in interstate commerce and did in fact transport motor vehicles in interstate commerce for compensation pursuant to such holding out for many customers on many occasions.

5. Auto Driveaway Company and Aides, Inc., had common facilities and employees, the same officers, and the same telephone number, and customers dealt with Auto Driveaway Company or Aides, Inc., interchangeably depending upon the driver furnished and in many cases did not know with whom they were dealing until they received a bill from Aides, Inc.

6. Defendant received compensation for the transportation performed as alleged in each of the counts of the Information.

7. The compensation charged by Aides, Inc., was on the basis of a flat fee or on the basis of a predetermined number of hours without any relationship to the number of hours required to perform a delivery or return trip.

8. Aides, Inc., employed and paid the drivers and such drivers drove the vehicles as described in each of the counts of the Information.

9. The drivers received their instructions from Aides, Inc., in writing as to when and where to pick up vehicles, when and where to make delivery, and routes to be followed. Expenses were paid by Aides, Inc., and expense receipts were turned in to Aides, Inc.

10. Defendant offered and provided a complete transportation service, substituting another driver if one became ill, providing a driver to bring a vehicle into Philadelphia and a different driver to deliver the vehicle from Philadelphia to destination in instances where the origin was other than Philadelphia.

11. Defendant exhibited all indicia of control including assumption of additional costs due to delays en route due to illness of drivers such as cost of supplying substitute driver, plane fare, bus fare, and wages.

12. Defendant exhibited knowledge of the requirements of the law by deliberately presenting itself as a service organization that furnishes drivers but at the same time holding itself out to deliver trucks at a total cost quotation from Wilkes-Barre, Pennsylvania, to the following points at the charge shown:

| | |
|---|---|
| Montreal, Canada | $ 65.00 |
| Ottawa, Canada | 75.00 |
| Toronto, Canada | 75.00 |
| Dallas, Texas | 200.00 |
| Lexington, Kentucky | 100.00 |
| Louisville, Kentucky | 100.00 |
| California | 275.00 |
| Arizona | 275.00 |
| Columbus, Ohio | 90.00 |
| Buffalo, N. Y. | 70.00 |
| Albany, N. Y. | 70.00 |
| Pittsburgh, Pennsylvania | 65.00 |
| Washington, D. C. | 65.00 |
| Baltimore, Md. | 60.00 |
| Asbury Park, N. J. | 35.00 |
| Elizabeth, N. J. | 35.00 |
| Mt. Vernon, N. Y. | 45.00 |
| Colorado | 200.00 |
| Massachusetts | 70.00 |

13. Defendant transported automotive vehicles in interstate commerce for compensation as alleged in each count of the Information without there being in force a certificate of public convenience and necessity issued by the Interstate Commerce Commission authorizing such transportation.

14. The defendant was engaged in transportation service as a regularly operating business and not in the casual, occasional or reciprocal transportation of person or property for compensation.

15. The defendant did more than merely furnish drivers for their customers; they controlled rates, routes,

gave instructions to the drivers and made all arrangements with customers directly and drivers were required to report on their trips after completion directly to Aides, Inc.

### DISCUSSION

■ This is a criminal matter before the Court without a jury. The jurisdiction of this Court over the defendant and the subject matter is properly invoked under Part II of the Interstate Commerce Act (49 U.S.C.A. § 322(a)) and 18 U.S.C.A. §§ 3231 and 3237. The testimony and exhibits prove beyond a reasonable doubt that the defendant is a common carrier by motor vehicle as defined in 49 U.S.C.A. § 303(a) (14) as follows:

"The term 'common carrier by motor vehicle' means any person which holds itself out to the general public to engage in the transportation by motor vehicle in interstate or foreign commerce of passengers or property or any class or classes thereof for compensation, whether over regular or irregular routes, except transportation by motor vehicle by an express company to the extent that such transportation has heretofore been subject to chapter 1 of this title, to which extent such transportation shall continue to be considered to be and shall be regulated as transportation subject to chapter 1 of this title."

Aides, Incorporated, by its agents and employees did hold itself out to the general public by means of letters, advertising, solicitation and rate quotations which were made to customers and prospective customers of Aides, Incorporated. The defendant stood ready and willing to offer its service indiscriminately to any person.

■ The terms of the Interstate Commerce Act are sufficiently comprehensive to include all of those who, no matter what form they use, are in substance engaged in the business of interstate transportation of property on public highways for hire. I. C. C. v. Gannoe,

100 F.Supp. 790 (W.D.Pa.1951). The intent of the Interstate Commerce Act is highly remedial in nature and it is to be liberally construed to effectuate its purposes in the public interest. Georgia Truck System, Inc. v. I. C. C., 123 F.2d 210 (5 Cir., 1941).

■ The defendant did knowingly and wilfully transport motor vehicles in interstate commerce as a common carrier from and to the points as charged in the Information without a certificate of convenience and necessity issued by the Interstate Commerce Commission authorizing such transportation in violation of Sections 306(a) (1) and 32(a) (49 U.S.C.A. §§ 306(a) (1) and 322(a)). See United States v. Chicago Express, Inc., D.C., 172 F.Supp. 613, affd. 273 F.2d 751 (7 Cir., 1960).

"§ 306. *Certificate of convenience and necessity*

"(a) (1) Except as otherwise provided in this section and section 310(a) of this title, no common carrier by motor vehicle subject to the provisions of this chapter shall engage in any interstate or foreign operation on any public highway, or within any reservation under the exclusive jurisdiction of the United States, unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations  *  *  *."

"§ 322 *Unlawful operation—Violation of Chapter or Rules or Orders; Penalty where none otherwise provided.*

"(a) Any person knowingly and willfully violating any provision of this chapter, or any rule, regulation, requirement, or order thereunder, or any term or condition of any certificate, permit, or license, for which a penalty is not otherwise herein provided, shall, upon conviction thereof, be fined not less than $100 nor more than $500 for the first offense and not less than $200 nor more than $500 for any subse-

quent offense. Each day of such violation shall constitute a separate offense."

The elements of knowledge and wilfulness were proven by the testimony and exhibits which ably demonstrate that Aides, Incorporated, through its officers and employees, did consciously, deliberately, intentionally and voluntarily violate the provisions of Part II of the Interstate Commerce Act (49 U.S.C.A. § 306(a). It is knowledge of the facts as opposed to knowledge of the law which is essential. Dennis v. United States, 339 U.S. 162, 70 S.Ct. 519, 94 L.Ed. 734 (1949).

The defendant and its affiliate company, Auto Driveaway, had common facilities such as a common telephone number, business office and corporate officers. Many times the customers of the defendant never knew which company handled the transportation until they received a bill from Aides.

The defendant, by its corporate charter, appeared to be an employment service. But, the defendant did more than furnish drivers to shippers; it provided a complete transportation service for compensation anywhere in the United States and for any shipper willing to pay its price. In United States v. California, 297 U.S. 175, 181, 56 S.Ct. 421, 422, 80 L.Ed. 567 (1935), the Court said:

"Whether a transportation agency is a common carrier depends not upon its corporate charter or [its] declared purposes but what it does."

The defendant does not fall within the exception of 49 U.S.C.A. § 303(b) (9) relating to the casual, occasional, or reciprocal transportation of passengers or property by motor vehicle in interstate or foreign commerce for compensation by any person not engaged in transportation by motor vehicle as a regular occupation or business.

The plaintiff has proven beyond a reasonable doubt that the defendant is guilty of all ten (10) counts contained in the Information.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction.

2. The defendant is a common carrier.

3. The corporate defendant is liable for the acts of its agents done within the scope of their employment.

4. The defendant did knowingly and wilfully transport vehicles in interstate commerce as a common carrier without a certificate of convenience or necessity issued by the Interstate Commerce Commission authorizing such transportation.

5. The defendant is guilty of all ten (10) counts as charged in the Information.