Ray V. ORLEMAN, Plaintiff,

v.

UNITED STATES of America

and

Interstate Commerce Commission, Defendants,

and

National Bus Traffic Association, Intervening Defendant.

Civ. A. No. 23294.

United States District Court
E. D. Michigan, S. D.

June 25, 1963.

Thomas L. Poindexter, Detroit, Mich., for plaintiff.

Lee Loevinger, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept of Justice, Lawrence Gubow, U. S. Atty., Detroit, Mich., for the United States.

Robert W. Ginnane, Gen. Counsel, Fritz R. Kahn, Asst. Gen. Counsel, Betty Jo Christian, Atty., I.C.C., for Interstate Commerce Commission.

Drew L. Carraway and John S. Fessenden, Washington, D. C., and George S. Dixon, Detroit, Mich., Rice, Carpenter & Carraway, Washington, D. C., of counsel, for National Bus Traffic Ass'n.

Before O'SULLIVAN, Circuit Judge, and THORNTON and FREEMAN, District Judges.

THORNTON, District Judge.

This is an action to set aside and enjoin enforcement of the decision and or-

ders of the Interstate Commerce Commission which require that plaintiff cease and desist from conducting his business operations until he obtains authority from the Commission to engage in his present business, which has been found by the Commission to be that of a common or contract carrier, or the transportation of property for-hire in interstate commerce. It is the contention of plaintiff that his business is not that of a common or contract carrier, that at most he is a broker and as such exempt from regulation. [49 U.S.C.A. § 303(b) (9)].

A statutory three-judge court was convened pursuant to 28 U.S.C.A. §§ 1336, 1398, 2284 and 2321–2325 and has heard arguments by counsel for plaintiff, defendants and the intervening defendant, respectively. Also, the court has had the benefit of briefs submitted by said counsel and of the submission of certified copies of pertinent records that were before the Commission, as well as a record of the Commission proceedings.

The business conducted by plaintiff is called All State Auto Driveaway. The type of operation is one with which many people in the United States are quite familiar, although the length of time it has existed is relatively short. Plaintiff's business consists of effecting the delivery of automobiles from Detroit, Michigan, to various destinations in the United States. Each car is transported separately under its own power to a designated point. Plaintiff neither owns nor drives these cars. Rather, he arranges for their transportation by obtaining drivers for the cars that various owners (usually automobile dealers) desire to have delivered to various consignees. For this service plaintiff receives a fee.

The Commission, on its own motion, by order of June 16, 1961 instituted an investigation to determine if plaintiff was in fact engaged in the transportation of property for-hire in interstate commerce without having obtained Commission authorization. A hearing was had before the Examiner at which time evidence was presented on behalf of plaintiff as well as on behalf of the Commission. The report and order of the Examiner concluding that plaintiff was engaged in the transportation of property for-hire in interstate commerce without Commission authority was issued March 7, 1962. It was affirmed and adopted by the Commission[1] in its decision and order of June 29, 1962. In addition, the usual cease and desist order was entered by the Commission.

█ The court in this review is limited to a consideration of the substantiality of the evidence supportive of the findings of the administrative agency, there being no contention here made that the Commission exceeded the power it could constitutionally or statutorily exercise, or that it committed mistakes of law. 5 U.S.C.A. § 1009(e); General Motors Corp. v. United States, 207 F.Supp. 641 (E.D.Mich., S.D., 1962); Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260 (1934); United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946).

█ We do not deem it necessary to here review the evidence that was before the Commission. We conclude that it was "substantial evidence" within the purview of the statute as construed by the numerous decisions which have reached this issue. The court has been advised in the briefs submitted here of six court decisions involving operations similar to those of plaintiff herein, in each of which it was held that for-hire transportation of property existed that was subject to authorization by the Interstate Commerce Commission. Two of these are reported: Interstate Commerce Commission v. Dudgeon, 213 F.Supp. 710 (S.D.Calif., 1961, affirmed No. 17827, 9th Cir., November 16, 1962) and United States v. Aides, Inc., 211 F.Supp. 122 (E.D.Pa., 1962).

1. With modification of one factual statement.

The other four are as follows: Interstate Commerce Commission v. Bradley, No. 424–60–WB, S.D.Calif., Central Div., August, 1961; Interstate Commerce Commission v. Nation-Wide Drive Away Agency, Inc., No. 425–60–WB, S.D.Calif., Central Div., August, 1961, affirmed No. 17829, 9th Cir., November 16, 1962; Interstate Commerce Commission v. Klein, No. 423–60–WB, S.D.Calif., Central Div., September, 1961, affirmed No. 17828, 9th Cir., November 16, 1962; Interstate Commerce Commission v. Interstate Auto Shippers, Inc., S.D.N.Y., 1963, 214 F.Supp. 473.

The temporary restraining order heretofore entered will be set aside and the complaint dismissed. An order in accordance with the foregoing may be presented.