Fred D. SPENCER (d.b.a. A. A. Delivery), Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants,

National Bus Traffic Association, Intervening Defendant.

Civ. A. No. C62-422.

United States District Court
N. D. Ohio, E. D.
Oct. 22, 1964.

Douglas F. Schofield, Gorman, Arthur & Schofield, Cleveland, Ohio, for plaintiff.

Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, for defendant United States.

Betty Jo Christian, Interstate Commerce Commission, Joel Hoffman, Dept. of Justice, Washington, D. C., for defendant Interstate Commerce Commission.

Barrett Elkins, Cleveland, Ohio, Drew L. Carraway, John S. Fessenden, Washington, D. C., for defendant National Bus Traffic Assn., Inc.

Before WEICK, Circuit Judge, and CONNELL and GREEN, District Judges.

ORDER.

This is an action under 28 U.S.C. §§ 1336, 1398, 2284 and 2321–2325, and Section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009, for review of an order of the Interstate Commerce Commission entered in its Docket Nos. MC–C–3117, Fred Spencer, d. b. a. A. A. Delivery, Investigation of Operations, and MC–119945, Fred D. Spencer—Common Carrier Application.

By its decision and order in a consolidated proceeding, the Commission found that the operations being conducted by plaintiff constituted for-hire transportation of automobiles in interstate commerce, for which Commission authorization is required, and, that public convenience and necessity did not require such operations by plaintiff. Accordingly, authorization was denied and a cease and desist order was issued.

The relief sought by plaintiff in this proceeding is an order to enjoin, set aside, annul or suspend the aforesaid cease and desist order issued by the Commission.

The case is before the Court on the pleadings, briefs of counsel [1] and the appendices attached thereto containing applicable portions of the record of the Interstate Commerce Commission. In plaintiff's appendix is set forth the report of the Commission Hearing Examiner containing a statement of the facts. The appendix also contains the findings and order of the Interstate Commerce Commission. (Division One). The Commission adopted the statement of facts in the Hearing Examiner's Report and attached it as an appendix to its decision. The facts are not in dispute.

---

1. Briefs have been submitted on behalf of National Automobile Transporters Association and National Bus Traffic Association, Inc., intervening defendants.

Since 1956 plaintiff has been the sole owner of A. A. Delivery, operating out of a downtown Cleveland, Ohio office building. The nature of plaintiff's business is automobile "driveaway." In a "driveaway" operation, an automobile is transported from one location to another, by someone other than the owner. The operator of a "driveaway" business functions as a middle-man between the owner of the vehicle and the driver.

The general issue before the Court is whether plaintiff's operation is subject to the Interstate Commerce Act, 49 U.S.C. §§ 301 et seq. More particularly, the question is whether the facts of this action support the Commission's findings that plaintiff is a common carrier by motor vehicle, as defined in 49 U.S.C. § 303 (a) (14), and therefore subject to the licensing requirements of 49 U.S.C. §§ 303(c) and 306(a); that plaintiff's operation is not exempt from certification under 49 U.S.C. § 303(b) (9); and that no showing of convenience and necessity was established under 49 U.S.C. §§ 303 (a) (5) and 307.

■ This Court is here sitting as a court of review, and as such its function is limited. Orders of the Interstate Commerce Commission should not be set aside, modified or disturbed by a Court on review if they lie within the scope of the Commission's statutory authority and are based upon adequate findings which are supported by substantial evidence, even though the Court might reach a different conclusion on the facts presented. Rochester Telephone Corp. v. United States, 307 U.S. 125, 146, 59 S.Ct. 754, 83 L.Ed. 1147 (1939); Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286, 54 S.Ct. 692, 78 L.Ed. 1260 (1934); Columbia Transportation Co. v. United States, 167 F.Supp. 5, 16 (D.C.E.D.Mich., 1958).

This Court has considered the facts as set forth in the record and the conclusions drawn therefrom by the Commission.

■ Other courts have recently had occasion to review this question of the amenability of a "driveaway" operation to the application of the Interstate Commerce Act. This Court has considered the decisions reached in Interstate Commerce Commission v. Teeter, 228 F.Supp. 479 (D.C.N.D.Ga., 1964); Orleman v. United States, 219 F.Supp. 945 (D.C. E.D.Mich., 1963); Interstate Commerce Commission v. Interstate Auto Shippers, Inc., 214 F.Supp. 473 (D.C.S.D.N.Y., 1963); Interstate Commerce Commission v. Dudgeon, 213 F.Supp. 710 (D.C. S.D.Cal., 1961), cert. den., 372 U.S. 960, 83 S.Ct. 1015, 10 L.Ed.2d 13 (1963),[2] United States v. Aides, Inc., 211 F.Supp. 122 (D.C.E.D.Pa., 1962), in each of which, on facts essentially similar to those presented in this record, it was held that a "driveaway" operation was subject to the Act. This Court has also taken into consideration the Commission rulings in A. A. Auto Delivery, Inc., 77 M.C.C. 365 (1958) and Automotive Shippers, Inc., 64 M.C.C. 475 (1955), both of which support the conclusion that plaintiff is subject to the application of the Interstate Commerce Act.

This Court is unable to perceive a material distinction, although there are naturally individual differences, between plaintiff's "driveaway" business and those which were the subject of the proceedings before the courts and the Interstate Commerce Commission hereinabove cited.

It is this Court's conclusion that there is substantial evidence to support the Commission's findings in this matter.

It is hereby ordered that plaintiff's complaint is dismissed.

2. The three unreported decisions from the District Court for the Southern District of California in Commission v. Nation-Wide Drive Away Agency, Inc., Commission v. Bradley and Commission v. Klein, handed down a month before the Dudgeon ruling, are substantially the same as Dudgeon and may be considered with it as one general line of cases.