**LAKE SHORE MOTOR FREIGHT COMPANY et al.**

v.

**UNITED STATES of America and Interstate Commerce Commission.**

Civ. A. Nos. C 68–803, C 68–810—812, C 68–834, C 68–835, C 69–120.

United States District Court,
N. D. Ohio, E. D.

Oct. 22, 1968.

Bernard J. Stuplinski, U. S. Atty.,
Cleveland, Ohio, Erwin N. Griswold, So-
licitor Gen., Department of Justice, and
Robert W. McLaren, Asst. Atty., Gen.,
Department of Justice, Washington, D.
C., and John H. D. Wigger, Antitrust
Division, Department of Justice, Wash-
ington, D. C., Robert W. Ginnane, Gen.
Counsel and Barry Roberts, Interstate
Commerce Commission, Washington, D.
C., for defendants.

Sweeney, Maher & Vlad, Cleveland,
Ohio, A. David Milner, Bowes & Milner,
Newark, N. J., Henry M. Wick, Jr., Deli-
si, Wick & Vuono, Pittsburgh, Pa., John
W. Mills, Cleveland, Ohio, Robert D.
Schuler, Detroit, Mich., John A. Kundtz,

Cleveland, Ohio; Edward C. Ford, Asst. Gen. Counsel, Pittsburgh, Pa., Jones & Laughlin Steel Corporation, Bruce W. Eaken, Jones, Day, Cockley & Reavis, Cleveland, Ohio, for plaintiffs.

Rex Eames, Eames, Petrillo, Wilcox & Nelson, Detroit, Mich., and John P. McMahon, George, Greek, King, McMahon & McConnaughey, Columbus, Ohio, for intervening defendant.

John Lansdale, Alan P. Buchmann, John J. Fitzpatrick, Squire, Sanders & Dempsey, Cleveland, Ohio, for intervening plaintiff, United States Steel Corporation, Wayne L. Emery, Pittsburgh, Pa., Law Department, United States Steel Corp., Squire, Sanders & Dempsey, Cleveland, Ohio, of counsel.

Before CELEBREZZE, Circuit Judge, and CONNELL and KALBFLEISCH, District Judges.

## MEMORANDUM OPINION

CONNELL, District Judge.

The case before this Court was brought to set aside a finding by the Interstate Commerce Commission Division 1, Point Transfer, Inc., Extension—Pa. and Ohio Origins, 105 M.C.C. 643. This report made a finding that the applicants seeking new operating authority had failed to establish the requisite need for the issuance of certificates of public convenience and necessity authorizing common carrier operations in interstate and foreign commerce.

In April 1965, Lake Shore Motor Freight Co. sought a certificate of public convenience and necessity authorizing operations in the interstate commerce as a common carrier because of an increased need due to an impending steel strike. Pursuant to Section 210a of the Interstate Commerce Act a number of motor carriers were granted temporary authority to transport iron and steel between points in Pennsylvania, Ohio, Illinois, Indiana and the southern peninsula of Michigan. This temporary grant of authority was opposed by a number of

carriers already authorized to do business in the area.

Hearings were held between November 1965 and February 1966 before the hearing examiner. After all parties were heard, including intervening plaintiffs, and all evidence submitted with regards to the needs, operations and equipment of the shippers, on October 3, 1967, the Commission, by report and order denied all applications due to the existence of adequate facilities sufficient to meet the needs of the shippers.

On June 13, 1968, a petition for reconsideration was denied by the Commission.

On July 24, 1968, a petition for determination of an issue involving general transportation importance was denied by the Commission.

On October 1, 1968, motions to reopen the proceedings for new hearings were denied by the Commission.

On December 23, 1968, a temporary restraining order was granted by this Court suspending the Commissioner's order denying the permanent application pending a final hearing on the merits.

At this point it is necessary to examine the function of this Court and scope of judicial review in a case of this nature. It should be pointed out that this Court is sitting as a Court of review and as such there should not be an interruption of the function of the Commission where there has been an exercise by them of valid statutory authority. Spencer v. United States, 236 F. Supp. 230 (N.D.Ohio, E.D.1964). Furthermore, it is not the function of this Court to usurp the function of the Commission and substitute its judgment for that of the examiner. It is not for this Court to determine the validity of the examiner's conclusion if such findings are based and supported by substantial evidence. Cleveland Electric Illuminating Co. v. United States, 147 F.Supp. 622 (N.D.Ohio, E.D.1956), aff'd 354 U.S. 917, 77 S.Ct. 1377, 1 L.Ed.2d 1432 (1957). This Court will give full effect

to the findings of the Commission unless it can be shown that the findings are based upon an abuse of discretion which is arbitrary, capricious or manifestly prejudicial to the rights of the parties.

■ The applications for authority were consolidated into one proceeding by the Commission. With this procedure there has been some disagreement among the parties to the action. In proceedings before the Commission, consolidation is permissible when in the discretion of the Commission "a large portion of the evidence adduced applies equally to all of the applications." Wales v. United States, 108 F.Supp. 928, 932 (N. D.Tex.1952). In a similar case Mississippi East, Inc. v. United States, D.C., 301 F.Supp. 1332, 1334 (1969), the Court stated:

> "To require the I.C.C. to conduct separate proceedings in situations similar to the instant case would be to saddle the Commission with an unworkable burden * * * This (consolidation) serves to accommodate the convenience of all parties and to make available a great deal of relevant testimony to the hearing examiner and the I.C.C., thus leading to a more rational decision based upon as much evidence as it is feasible to obtain."

This practice of consolidation for the purpose of expeditiously rendering an equitable solution to the problems in multiple and similar applications has been an accepted procedure. See Central Transfer Co. v. Terminal R. R. Co., 288 U.S. 469, 53 S.Ct. 444, 77 L.Ed. 899 (1933); United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Mississippi East, Inc. v. United States, *supra*.

■ The intervening plaintiff, United States Steel asserts that there was a denial of their right to cross-examination. During the proceedings, the examiner made the general statement "those rules of practice limit each of the cases in these proceedings to development by the parties in those cases and not every party in the world." (T. 1818. It is Steel's claim that this statement denying cross-examination in conjunction with consolidation and the use of all evidence constitutes prejudicial error of such a nature as to merit reversal of the Commission's decision. This Court has already commented upon the propriety of consolidation. However, with regard to cross-examination it is noted that this statement was made during the presentation of the applicant's case and the testimony being elicited was in support of Steel's case. Furthermore, it is to be noted that Steel made no objection to this statement, nor did they request to cross-examine witnesses during the proceedings. For protection of its rights, it is incumbent upon any party in a proceeding to object to any statement which runs contrary to its interest. Mississippi East, Inc. v. United States, *supra*. The effect of such objection can be the clarification of a general statement and avoidance of misunderstanding during an administrative or judicial proceeding.

■■ The plaintiffs in this case assert that the Commission is required to make detailed findings on each issue raised by the plaintiffs, and specific findings as to each individual plaintiff. In this instance, the Commission is required to file a written report disclosing the conclusion along with its findings and order. Alabama G. S. R.R. Co. v. United States, 340 U.S. 216, 71 S.Ct. 264, 95 L.Ed. 225 (1951). Furthermore, the law requires that the Commission make findings upon those issues of fact and law which are material to the case and not necessarily upon every subordinate agreement submitted before the Commission. Minneapolis & St. Louis Railway Co. v. United States, 361 U.S. 173, 80 S.Ct. 229, 4 L.Ed.2d 223 (1959); Caravelle Express, Inc. v. United States, 287 F.Supp. 585 (D.Neb.1968), Mississippi East, Inc. v. United States, *supra*.

■■ Arguments have been presented to this Court alleging that the opinion of the Commission is contrary to the weight of the evidence. At this point it must be pointed out that a heavy burden falls upon the party attacking the find-

ings of the Commission. Watkins Motor Lines, Inc. v. United States, 243 F.Supp. 436 (D.Neb.1965). As has been earlier stated in this opinion, the function of this Court is not the substitution of its judgment for that of the Commission. The Court will not disturb a decision of the Commission when "based upon adequate findings which are supported by substantial evidence, even though the Court might reach a different conclusion." Spencer v. United States, *supra,* 236 F.Supp. 232; Campus Travel Inc. v. United States, 224 F.Supp. 146 (S.D.N.Y.1903). Furthermore, there is no requirement of specificity with regard to the weight given any evidentiary matter. Yourga v. United States, 191 F.Supp. 373 (W.D.Pa.1961).

▮ It is the opinion of this Court that the claims of the applicants as put forth were of an identical nature and that evidence adduced in the procedure had sufficient application to all parties as to warrant a consolidation of the proceedings. Such procedure was necessary and correct in assisting the Commission in weighing all the evidence and arriving at an intelligent decision. Furthermore, in reviewing the record this Court is of the opinion that the procedures exercised by the examiner during the hearing were in accordance with established administrative practice and the right of cross-examination did exist in that proceeding. Any misunderstanding by Steel concerning their right to cross-examine witnesses, or any decision not to exercise that right cannot be made the substance of reversable error. The broadness of this statement, its context and timing fails to give any credence to an allegation of prejudice.

▮ In accordance with established law this Court concludes that the Commission is under no duty to make specific findings with regard to each individual applicant. The Court is of the opinion that the decision rendered by the Commission has been compiled with more than adequate definitiveness to inform the parties to this suit of the basis for the Commission's findings and conclusions with respect to all relevant matters in this case.

Furthermore, upon review of the records and files submitted to the examiner, it is the opinion of this Court that the decision of the Commission is in conformity with the evidence submitted, and the plaintiff's burden of proof to show the contrary has not been sustained.

For the reasons set forth, the relief sought is denied as to all plaintiffs, the temporary injunction of December 23, 1968 is vacated and the entire order of the Interstate Commerce Commission is sustained.