**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**CHICAGO EXPRESS, Inc., Defend-**
**ant-Appellant.**

**No. 11564.**

United States Court of Appeals
Seventh Circuit.

Aug. 22, 1956.

Rehearing Denied Sept. 21, 1956.

Paul W. Lashly, St. Louis, Mo., Lash-ly & Neun, Hiram W. Watkins, St. Louis, Mo., for appellant.

C. M. Raemer, U. S. Atty., Edward G. Maag, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before MAJOR, FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

An inspector of the Interstate Commerce Commission halted defendant's tractor, moving along Illinois Route 3, after that vehicle had been loaded with 33,210 pounds of paranitroanaline at the Monsanto Chemical Company's plant. After identifying himself to defendant's driver, that inspector asked for, and examined, the bill of lading, now government exhibit 1, covering the cargo then being hauled by Chicago Express, Inc., the defendant-common carrier. Exhibit 1, bearing defendant's driver's signature, is plainly and clearly stamped: "Class

'B' Poison Label Applied". While making his roadside inspection of the tractor, but not its contents, the inspector observed that it did not carry two red rear reflectors required by I. C. C. regulations, nor was it placarded pursuant to 49 C.F.R. 77.823 showing transportation of a dangerous commodity. This visual examination resulted in the filing of a four-count [1] criminal information against Chicago Express, Inc., on which a jury returned a verdict of guilty under the first two counts and not guilty on the others. Defendant, fined $500 on the first count, and $100 on the second, has appealed its conviction.

The critical counts are bottomed on regulations promulgated by the Interstate Commerce Commission, which has undisputed authority for such purpose, flowing from 18 U.S.C. § 835, containing *inter alia*, this salient sentence:

"Whoever *knowingly* violates any such regulation shall be fined not more than $1,000 or imprisoned not more than one year, or both * * *." (Italicization added.)

By using the word "knowingly" in § 835, we think Congress, while describing a state of mind essential for responsibility, removed violations of the relevant regulations from the classification familiarly known as offenses malum prohibitum, public welfare, and civil offenses. Indeed, Mr. Justice Clark delivering the majority opinion in Boyce Motor Lines v. United States, 1952, 342 U.S. 337, 342, 72 S.Ct. 329, 331, 96 L. Ed. 367, involving 49 C.F.R. § 197.1(b) explained the impact of § 835 in this fashion:

"The statute punishes only those who knowingly violate the Regulation. This requirement of the presence of culpable intent as a necessary element of the offense does much to destroy any force in the argument that application of the Regulation would be so unfair that it must be held invalid. That is evident from a consideration of the requirement in this case. To sustain a conviction, the Government not only must prove that petitioner could have taken another route which was both commercially practicable and appreciably safer * * * than the one it did follow. It must also be shown that petitioner knew that there was such a practicable, safer route and yet deliberately took the more dangerous route through the tunnel, or that petitioner wilfully neglected to exercise its duty under the Regulation to inquire into the availability of such an alternative route."

Relying on virtually the same aspect of the Boyce opinion the First Cir-

---

1. Only the first two counts, relevant here, need be reprinted:

"The United States Attorney charged:
"Count 1.
"On or about the 1st day of October, 1952, in the Eastern District of Illinois, Chicago Express, Inc., defendant, a corporation, a common carrier by motor vehicle and, as such carrier, subject to the regulations prescribed by the Interstate Commerce Commission applying to shipments of explosives and other dangerous articles made by way of common, contract and private carriers by public highway (49 C.F.R. 71 to 78) did knowingly transport by motor vehicle more than 2500 pounds of a dangerous poison, to wit, para nitroaniline solid, a Class B poisonous solid, from Monsanto, Illinois, without there being marked or placarded on each side and rear of said motor vehicle while enroute to Bound Brook, New Jersey, with a placard or lettering, in letters not less than three inches high, on a contrasting background, showing that said motor vehicle was transporting a dangerous commodity. (49 C.F.R. 77.-823; Section 835, U.S.Code Title 18.)
"Count 2.
"On or about the 1st day of October, 1952, in the Eastern District of Illinois, Chicago Express, Inc., defendant, a corporation, a common carrier by motor vehicle, did knowingly and wilfully fail to equip with red rear reflectors a semi-trailer, namely Company Trailer No. 839, Missouri Registration No. 7251 (1952), used in the transportation of property, namely para nitroaniline solid, from Monsanto, Illinois, while enroute to Bound Brook, New Jersey. (49 C.F.R. 193.14; Title 49, Sec. 322(a), U. S. Code.)"

cuit reversed a conviction for violating the identical regulation, now before us, in St. Johnsbury Trucking Company v. United States, 1 Cir., 1955, 220 F.2d 393. A reversal of the judgment appealed is inevitable here in light of both cases just mentioned because of the failure to correctly instruct the jury on the mental element required by, and for accountability under, § 835.

 We think, therefore, it was reversible error for the trial court to refuse to give the following instruction requested by defendant: "The Court instructs the jury that before the defendant can be found guilty, the jury must believe from the evidence that defendant had a specific wrongful intent to violate the regulations of the Interstate Commerce [Commission]." Our disposition of this appeal removes any need for treating other points raised by the parties.

The district court's judgment is reversed and the case remanded for a new trial.

Reversed and remanded.