UNITED STATES of America,
Plaintiff-Appellee,

v.

CHICAGO EXPRESS, INC., Defendant-Appellant.

No. 12741.

United States Court of Appeals
Seventh Circuit.

Jan. 20, 1960.

Paul W. Lashly, Lashly & Neun, Hiram W. Watkins, St. Louis, Mo., for appellant.

Bernard A. Gould, Atty., I. C. C., Washington, D. C., C. M. Raemer, U. S. Atty., James B. Moses, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This appeal involves the second trial of defendant on an information charging violation of regulations of the Interstate Commerce Commission. In United States v. Chicago Express, Inc., 7 Cir., 235 F.2d 785, an erroneous instruction caused us to reverse convictions of defendant for violation of regulations requiring (1) the placarding of trucks transporting a dangerous commodity with warning signs (49 C.F.R. 77.823; 18 U.S.C.A. § 835) and (2) that its vehicle be equipped with two red rear reflectors. We remanded for a new trial. The jury on the second trial found defendant guilty of violation of the placarding requirement only. Defendant's motion for a new trial was overruled and a $500.00 fine imposed. Defendant appealed.

The evidence showed that on October 1, 1952 the St. Louis office of the defendant, Chicago Express, Inc., received a telephone call from the shipping department of Monsanto Chemical Company, Monsanto, Illinois, requesting that defendant send a truck to pick up a load consigned from Monsanto to Bound Brook, New Jersey.

The defendant ordered one of its drivers with defendant's tractor and trailer to pick up the load destined for New Jersey. Employees of Monsanto Chemical Company loaded the trailer with 90 fiber drums filled with paranitroaniline. When the defendant's truck was loaded the driver received a bill of lading from Monsanto Chemical Company which he signed. The bill of lading reflected that a Class "B" poison had been applied by the shipper to the drums prior to loading them on defendant's truck and clearly stated that the substance carried by defendant was a Class "B" poison. The driver observed that the drums were so labeled. After leaving the Monsanto Chemical Company the defendant's driver was proceeding along Illinois Route 3 when he was stopped by Inspector Redus of the Interstate Commerce Commission. There is a conflict in the testimony as to whether defendant's driver pulled over to the side of the road and stopped in response to motions made by Redus after he passed the truck or whether Redus forced the truck to stop by cutting in front of it and crowding it off onto the shoulder where the driver stopped the truck to avoid a collision. However, the evidence does show that Redus was driving a vehicle belonging to the Interstate Commerce Commission, Bureau of Motor Carriers, which had lettering on both sides and at the rear, which, as well as its license plates, indicated that it was a United States Government car belonging to the Interstate Commerce Commission. It is further clearly established that after Redus displayed his credentials and informed the driver that he desired to make an inspection the driver at Redus' request produced for examination the bill of lading for the load he was transporting. Redus testified that on stopping the vehicle he had observed that the rear of defendant's trailer did not have reflectors as required by regulations of the Interstate Commerce Commission; one reflector being broken and damaged and the other missing entirely. Upon his ascertaining the nature of the load from the bill of lading Redus re-examined the exterior of defendant's tractor and trailer and found that the equipment did not bear any placards stating that the vehicle carried a dangerous commodity. The defendant's driver then took the vehicle to its terminal at St. Louis, Missouri.

Defendant's driver testified that he had previously transported commodities which were denoted on the bill of lading as Class "B" poison and on such occasions his truck was placarded with signs showing the substance was dangerous. However, that on this particular day Monsanto's regular dispatcher who had always handled previous loads and informed him if the load required placarding was not on duty and that the person taking the regular dispatcher's place did not tell him that the load required placarding.

It was stipulated that paranitroaniline solid was classified as a Class "B" poisonous substance by order of the Interstate

Commerce Commission and that such classification, as well as the regulation requiring placarding, were adopted and reproduced in a tariff filed by the defendant.

A motion by defendant to suppress evidence or information obtained by Redus at the time of the inspection of the vehicle as being obtained by an unreasonable search and seizure was denied. During the course of the trial and over objections of the defendant the Government introduced in evidence transcripts of two other convictions of defendant of violation of the placarding regulations of the Interstate Commerce Commission. Defendant objected to certain instructions given and to the Court's refusal to give in its entirety an instruction requested by defendant.

Contentions advanced by the defendant on its appeal present the following contested issues:

1. Did the inspection of the defendant's vehicle violate any rights which it may have had under the Fourth Amendment of the Constitution prohibiting unreasonable searches and seizures?

2. Was the evidence sufficient to establish knowledge and intent on the part of the defendant?

3. Was the admission, over objection, of the fact of the defendant's conviction of two similar violations error?

4. Were the instructions given by the Court a correct statement of the law?

5. Was the refusal to give the complete instruction requested by the defendant reversible error?

■ Under Section 304(a) of Title 49, U.S.Code, 49 U.S.C.A. § 304(a), it is the duty of the Interstate Commerce Commission to establish reasonable requirements with respect to safety of operation and equipment of common carriers of motor vehicles. 49 U.S.C. § 320 (d), 49 U.S.C.A. § 320(d), provides that the commission's agents have at all times the authority to inspect and examine any and all lands, buildings, or equipment of motor carriers, and to inspect and copy

any and all books, records and memoranda of such carriers. From the evidence it is clear that defendant's driver exhibited the bill of lading at the request of Inspector Redus. No unreasonable search or seizure was involved. Examination of the bill of lading disclosed that the nature of the load required placarding. The absence of the placards was a matter of mere observation of the vehicle's exterior. The evidence or information so obtained was not the fruit of any unreasonable search or seizure.

■ The acts of agents of a corporation acting within the scope of their employment must be attributed to the corporation in order to permit the application of any statute or regulation to such an artificial person. Here the evidence clearly established that defendant's driver had knowledge that the load he was hauling was a Class "B" poison. Such knowledge is chargeable to the corporation. Likewise it was established that the corporation had knowledge of the regulations. That its driver saw fit to rely on Monsanto's dispatcher to inform him when placarding was required establishes neither lack of knowledge of the regulation nor of knowledge of the contents of the load on defendant's part.

■ The admission in evidence of conviction of the defendant of two similar offenses was not reversible error. Such evidence was relevant to showing knowledge or intent and the jury was instructed as follows:

"The jury are instructed that Government's Exhibits 3 and 4, being transcripts of court records reflecting conviction of the defendant, Chicago Express, Inc., for offenses similar to the case at bar are not in and of themselves proof of the guilt of the defendant in this case but are to be considered by you only insofar as the jury may find that they have bearing on defendant's knowledge and intent in the act and transactions under consideration in this case, if you so find that said exhibits

do have a bearing on defendant's knowledge and intent".

 We have considered the instructions given to the jury and are of the opinion that when taken as a whole they fairly and impartially presented the matter to the jury. In our opinion they were a correct statement of the law. The refused portion of the defendant's instruction would require every employee of a corporation to have actual knowledge of everything that goes on in the corporation at all times. This, of course, is impossible. The Court did not err in making the deletion complained of. The judgment of the District Court is affirmed.

Affirmed.