**UNITED STATES of America,**

v.

**The BROOKMAN CO., Inc., et al.,**
**Defendants.**

No. 39462.

United States District Court
N. D. California, S. D.

May 14, 1964.

William B. Richardson and Patrick Ryan, Anti-Trust Div., Dept. of Justice, for plaintiff.

Morris Lowenthal and Matthew B. Weinberg, San Francisco, Cal., for defendant West Coast Linoleum & Carpet Co.

SWEIGERT, District Judge.

This case is before the Court on a motion of defendant West Coast Linoleum and Carpet Company to dismiss an indictment charging defendant with violation of the Sherman Anti-Trust Act, 15 U.S.C. § 1.

The defendant contends that the indictment, which alleges that said defendant is a partnership organized and existing under the laws of California, does not state an offense because partnerships as such are not subject to criminal prosecution under the Sherman Act.

The Sherman Act, Section 1, provides that "every person" who shall make any contract or engage in any combination or conspiracy declared by Sections 1–7 to be illegal shall be deemed guilty of a misdemeanor and, on conviction thereof, shall be punished by a fine or imprisonment or both.

Section 7 of the Act provides that the word "person" or "persons", wherever used in Sections 1–7, "shall be deemed to include corporations and associations existing under or authorized by the laws of either the United States" or "the laws of any state".

The General Statutory Construction statute in effect at the time of the passage of the Sherman Act (See Revised Statutes Sec. 1, derived from 13 Stat. 258, 287; 14 Stat. 163; 15 Stat. 166; 16 Stat. 431) provided that "the word 'person' may extend and be applied to *partnerships* and corporations * * * unless the context shows that such words were intended to be used in a more limited sense * * *". (emphasis added)

The foregoing statute, as amended in 1947 (61 Stat. 633), and in 1948 (62 Stat. 859), now provides that "In determining the meaning of any Act of Congress, unless the context indicates otherwise * * * the words 'person' and 'whoever' include corporations, com-

panies, associations, firms, *partnerships*, societies, and joint stock companies, as well as individuals". Title 1, U.S.C. Section 1. (emphasis added)

The Sherman Act definition of "person" as including "corporations and associations" does not in our opinion indicate that the word "person" was intended to be used in a limited sense that would exclude partnerships.

On the contrary the statutory use of the word "person" as including "associations" is broad enough to include a partnership which is defined by the Uniform Partnership Act as "an *association* of two or more persons to carry on as co-owners a business for profit." (See Cal.Corp.Code Section 15006). (emphasis added)

In United Mine Workers of America v. Coronado, 259 U.S. 344, 392, 42 S. Ct. 570, 66 L.Ed. 975 (1921), the decision that a labor union was suable as such was rested in part upon the ground that Congress in using the words "corporations and associations" in Section 7 of the Sherman Act, intended them to be "especially directed against business associations and combinations that were unincorporated to do the things forbidden by the act, but they used language broad enough to include all associations which might violate its provisions  \*  \*  \*."

"\*  \*  \* Congress was passing drastic legislation to remedy a threatening danger to the public welfare, and did not intend that any persons or combinations of persons should escape its application."

In United States of America v. A. & P. Trucking Co., 358 U.S. 121, 79 S.Ct. 203, 3 L.Ed.2d 165 (1958), a partnership was indicted under a statute, 18 U.S.C. § 835, punishing "Whoever knowingly violates any" order of the In-

terstate Commerce Commission pertaining to the safe transport of dangerous articles. The statute did not contain a definition section, nor did it anywhere expressly state that partnerships were to be subjected to criminal liability.

The Court, however, interpreted the statute in the light of the General Construction Title of the U.S.C. Title 1, Section 1, supra, which, as above noted, is substantially similar to the General Construction statute in effect at the time of passage of the Sherman Act.

Referring to United States v. Adams Express Co., 229 U.S. 381, 33 S.Ct. 878, 57 L.Ed. 1237 (1912), in which a joint stock association was indicted for wilfully receiving sums for expressage in excess of its scheduled rates, the Court said: "The policy to be served in this case is the same. The business entity cannot be left free to break the law merely because its owners, stockholders in the Adams case, partners in the present one, do not personally participate in the infraction. The treasury of the business may not with impunity obtain the fruits of violations which are committed knowingly by agents of the entity in the scope of their employment. Thus pressure is brought on those who own the entity to see to it that their agents abide by the law.

"We hold, therefore, that a partnership can violate  \*  \*  \*  (the statute) here in question quite apart from the participation and knowledge of the partners as individuals. The corollary is, of course, that the conviction of a partnership cannot be used to punish the individual partners, who might be completely free of personal guilt. As in the case of corporations, the conviction of the entity can lead only to a fine levied on the firm's assets." United States v. A. & P. Trucking Co., supra, 358 U.S. at 126–127, 79 S.Ct. 203, 207.

864

It is true that California law, following the common law rule, is to the effect that a partnership, not being a legal entity, cannot, as such, commit a crime, and that where criminal acts are committed through a partnership, the culpable members of the partnership are held criminally responsible, rather than the partnership itself. People v. Maljan, 34 Cal.App. 384, 167 P. 547 (DCA 1917) ; People v. Schomig, 74 Cal.App. 109, 239 P. 413 (DCA 1925).

However, in United States v. A. & P., supra, 358 U.S. at 124, 79 S.Ct at 206 the Court says: "True, the common law made a distinction between a corporation and a partnership, deeming the latter not a separate entity for purposes of suit. But the power of Congress to change the common-law rule is not to be doubted."

The legislative history of the Sherman Act does not indicate any purpose on the part of Congress to exclude certain forms of business association from the scope of the Act. On the contrary, Congress indicated an intent to avoid doubt concerning the broad application of the Act by refusing to specifically exclude labor unions or specifically include railroad pools. See, Letwin, Congress and the Sherman Anti-Trust Laws: 1887–1890, 23 U. of Chi.L.Rev. 221, 257 (1956).

Nor do we find anything in the scheme of the Act, itself, to indicate that the words "person" or "association" were intended in a limited sense that would exclude partnerships from the scope of the criminal penalty provisions of Section 1. Cf. United States v. Cooper, 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071 (1940).

The motion to dismiss the indictment, is therefore, denied.