**WESTERN LAUNDRY AND LINEN RENTAL CO., and Morris A. Hazan, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 24280.**

United States Court of Appeals, Ninth Circuit.

March 30, 1970.

442

Gerald H. Gottlieb (argued), Los Angeles, Cal., Bell & Morris, Las Vegas, Nev., for appellants.

Seymour Dussman, Washington, D. C. (argued), Atty., Anthony E. Desmond, Atty., Anti-Trust Div., San Francisco, Cal., Richard W. McLaren, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Robert S. Linnell, U. S. Atty., Las Vegas, Nev., for appellee.

Before MADDEN*, Judge of United States Court of Claims, and ELY and HUFSTEDLER, Circuit Judges.

MADDEN, Judge:

In April 1968, an indictment charging five corporations, one partnership, which was Western Laundry and Linen Rental Co., (Western) one of the appellants herein, and five individuals, one of whom was Hazan, the other appellant herein, was filed in the United States District Court for the District of Nevada. The indictment charged violation of Section 1 of the Sherman Anti-Trust Act. 15 U.S.C. Section 1. The indictment charged a conspiracy to raise, stabilize and maintain prices of linen supplies in the Las Vegas, Nevada area; to refrain from soliciting one another's customers; and to allocate business.

On July 24, 1968, all of the defendants were convicted upon pleas of *nolo contendere*. Each defendant was sentenced to pay a fine. The fines varied from a minimum of $1,000.00 to a maximum of $35,000.00. Western was fined $25,000.-00. Hazan was fined $1,000.00. No sentence of imprisonment was imposed upon any of the defendants.

On September 17, 1968, the defendants Western and Hazan, hereinafter designated as the defendants, filed, in the District Court, a "Motion to Eliminate and to Reduce Sentences". That motion was based primarily upon the argument that the indictment of both Hazan, an individual, and Western, a partnership in which Hazan was a partner, put Hazan in double jeopardy and subjected him to two sentences. That motion also raised other issues not involved in the instant appeal. The motion was denied on September 26, 1968.

* Senior Judge, United States Court of Claims, sitting by designation.

A motion for reconsideration was filed on September 30, 1968. Memoranda were submitted by Western and Hazan, and by the United States. A hearing was held on November 15, 1968. The alleged double jeopardy of Hazan was again argued in this hearing, and, in addition the defendants presented, for the first time, the contention that a partnership is not subject to prosecution under the Sherman Act. The Court ordered the parties to submit supplemental briefs on this newly raised question. The Court, on January 27, 1969, denied the defendant's motion for reconsideration. Thereafter the defendants timely filed the instant appeal.

■ We consider first the question whether a partnership is subject to indictment for violation of the Sherman Act. Section 3 of the Act, 15 U.S.C. § 3, says, in part: "* * * Every person who shall make any such contract or engage in any such combination or conspiracy [in restraint of trade or commerce] shall be deemed guilty of a misdemeanor * * *"[1]. Section 8 of the Sherman Act, 15 U.S.C. Section 7, defines "person" to include "corporations and associations existing under or authorized by the laws of either the United States, the laws of any of the Territories, the laws of any State * * *".

The general Rules of Construction for Federal statutes, 1 U.S.C. Section 1, provide that, unless the context indicates otherwise,

* * * the words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies and joint stock companies, as well as individuals; * * *

In the face of this express direction of Congress as to how statutes enacted by it are to be construed, we think there is no justification for reading partnerships out of the coverage of the Sherman Act. There is nothing in the context in which the word "person" is found in the Sherman Act which "indicates otherwise". See United States v. A & P Trucking

Co., 358 U.S. 121, 79 S.Ct. 203, 3 L.Ed. 2d 165 (1958). There is nothing in the purpose for which the Sherman Act was enacted, which "indicates otherwise". If it had ever, during the almost eighty years since the Sherman Act was enacted, appeared to legal counsellors of business enterprises that the restrictions of the Sherman Act could or might be escaped by forming partnerships rather than corporations or "associations", whatever that latter word may have been intended to include, it would seem that the experiment would have been tried, and that if it had been tried litigation would have resulted. But the question has been raised in only one reported case. United States v. Brookman Co., 229 F.Supp. 862 (N.D.Cal.1964). In that case the Court held that the Sherman Act's definition, in Section 8 of the Act of the word "person", used in Section 1 of the Act, as including "corporations and associations", placed partnerships within the scope of the Act.

Not until the defendants made their motion for reconsideration, after the District Court had denied their "motion to eliminate and reduce sentences", did the defendants present the argument that partnerships are not within the coverage of the Sherman Act. We think that the defendants' earlier appraisal, whether made consciously or only subconsciously, of the merits of such an argument, was correct. We think that the argument has no merit, and we will not discuss the writings in which judges and scholars have debated the question whether a partnership is an "entity" or an "aggregate." See, e. g. Mr. Justice Douglas' dissenting opinion in United States v. A & P Trucking Co., supra, 358 U.S. at p. 127, 79 S.Ct. 203.

We consider now the issue which is designated as Issue No. 1 in the defendants' brief. Their statement of it is as follows:

Does the U.S. Constitutional proscription against double jeopardy and double punishment require that the

---

1. See also 15 U.S.C. § 1, which likewise contains the "every person" language.

sentence against Defendant Hazan be eliminated? Does said proscription require that the punishment against said defendant be eliminated?

The appellants' argument on this issue is that the defendant Hazan was indicted twice for the same conspiracy, for the same single offense; that the indictment named Western, the partnership in which Hazan was a partner, and also named Hazan, the individual, thereby twice indicting Hazan for the same offense, since the indictment of Western was, for the purposes of trial and punishment, the indictment of Hazan, together with his partners in Western, as individuals.

The defendant would not make this argument if Western had been a corporation, in which Hazan was a stockholder. In that case the corporation would have been a distinct legal entity, in the assets of which no person other than the corporation had an ownership interest. If the indictment resulted in a conviction of the corporation, and a fine levied against it, the Government would collect its fine out of the corporation's assets, if it collected it at all. If an officer or stockholder of that corporation had been indicted, in the same indictment with the corporation, as a conspirator in the violation of the Sherman Act, and had been convicted and sentenced, the Government would have had to collect its fine from the stockholder's or officer's individual assets, if it collected it at all. And of course, if the sentence had been a prison term, the stockholder would be the one to serve that term. If the stockholder had a large stockholder's interest in the corporation, the outcome of the proceeding against the corporation would be of vital concern to him, because of its effect upon the value of his stock. But no problem of double jeopardy would be involved.

In the case of the indictment of a partnership and a partner, in a Sherman Act situation, there is not the same clear distinction, between the interest of the partner *qua partner*, i. e., his interest in the partnership, and his individual interest, that exists in the corporation-stockholder situation. The difference may make a more careful analysis useful.

If the applicable law is that, in the instant case, Hazan, having paid his $1,000.00 fine, may be obligated to pay Western's $25,000.00 debt to the United States, if that debt can not be collected, or can not be collected in full from Western, a problem of double jeopardy is presented. In Green v. United States, 355 U.S. 184, 198, 78 S.Ct. 221, 229, 2 L.Ed.2d 199 (1957) the court said:

> The right not to be placed in jeopardy more than once for the same offense is a vital safeguard in our society, one that was dearly won and one that should continue to be highly valued. If such great constitutional protections are given a narrow, grudging application they are deprived of much of their significance.

See also Ex parte Lange, 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1973); Johnson v. Rhay, 266 F.2d 530, 533 (C. A. 9, 1959), United States v. Armco Steel Corp., 252 F.Supp. 364, 367 (D.C. S.D.Cal.1967).

If the constitutional proscription of double-jeopardy is otherwise violated we think that the fact that one of the punishments is contingent upon some other event such as, in our instant case, the failure of Western to pay the fine levied against it, does not eliminate the vice of double jeopardy.

In the foregoing discussion we have assumed the law to be that, because Hazan was a partner in Western, the imposition of the fine upon Western had the *effect of imposing, contingently*, the same fine upon Hazan. The Supreme Court of the United States in United States v. A & P Trucking Co., 358 U.S. 121, 79 S.Ct. 203, 3 L.Ed.2d 165 (1958), had before it the question whether a partnership could be indicted for violating certain statutes [2] regulating safety

---

2. 49 U.S.C. § 322(a) and 18 U.S.C. § 835.

and certification requirements for motor carriers. The Court, in responding to the argument that the indictment of a partnership might put a partner in jeopardy though he did not knowingly participate in the criminal act, said at pp. 126, 127, 79 S.Ct. at p. 207:

> We hold, therefore, that a partnership can violate each of the statutes here in question quite apart from the participation and knowledge of the partners as individuals. The corollary is, of course, that the conviction of a partnership cannot be used to punish the individual partners, who might be completely free of personal guilt. As in the case of corporations, the conviction of the entity can lead only to a fine levied on the firm's assets.

In view of this authoritative statement by the Supreme Court in the A & P Trucking Co. case, in which the issue was closely comparable to our instant issue, we cannot say that Hazan has been put in double jeopardy by the judgment from which the defendants have appealed. The Supreme court treated the partnership in A & P Trucking as an entity, analogous to a corporation. As we have said, we will not discuss the much debated issue of whether the "entity" theory of partnership or the "aggregate" theory is the correct one. The Supreme Court has, for the purpose at hand, adopted the entity theory. When the ultimate authority has spoken, there is no room for further debate.

The decision of the District Court is affirmed in its entirety.

HUFSTEDLER, Circuit Judge (specially concurring):

I concur in that portion of the majority opinion holding that a partnership is subject to indictment for violating the Sherman Act. I cannot concur in the remainder of the opinion, for I seriously question that United States v. A & P Trucking Co. (1958) 358 U.S. 121, 79 S. Ct. 203, 3 L.Ed.2d 165 can bear the bur-

den the majority places on it. The Court there held simply that a partnership could violate certain regulatory statutes even if the individual partners did not participate in or have knowledge of the violations. The Court then added as dictum the sentence relied upon by the majority: In such an instance the fine levied on the partnership should not be collected from the partners' individual assets. The setting in A & P was thus very different from the setting in our case. I doubt that the Court's dictum can be expanded to a case in which a partner is not "completely free of personal guilt." In addition, A & P dealt with a specific intent crime (United States v. Chicago Express, Inc. (7th Cir. 1956) 235 F.2d 785), and hence its limitation of liability is not necessarily transportable to a Sherman Act offense.[1]

But even if A & P Trucking can be read as broadly as the majority suggests, I question its relevance. Hazan's argument is not that he *might* be placed in double jeopardy *should* the partnership assets prove insufficient to meet the partnership fine—the problem referred to in A & P Trucking. He is arguing that double jeopardy results from simultaneously levying upon (a) his personal assets for the personal fine and (b) those assets in the partnership that are legally his property for the partnership fine. Although the Supreme Court adopted the entity theory for the one particular problem presented in A & P Trucking, it does not follow that that theory is applicable to Hazan's different claim.

I see no reason to stretch A & P to reach Hazan's constitutional claim, because I believe he waived that claim below. The double jeopardy issue was raised for the first time almost two months after appellants were convicted upon their pleas of nolo contendere on a motion to correct sentence. A plea of guilty to a two-count indictment waives a later double jeopardy argument that

1. Specific intent is not required for a Sherman Act conviction. See, e. g., Arthur Murray, Inc. v. Reserve Plan, Inc. (8th Cir. 1969) 406 F.2d 1138.

the two counts were in fact for the same offense (Harris v. United States (8th Cir. 1956) 237 F.2d 274), and, of course, a nolo plea is the equivalent of a guilty plea for waiver purposes. Hence, I would hold that Hazan's nolo plea waives his claim that he was indicted and punished in two capacities for the same offense. (*See also* Haddad v. United States (9th Cir.) 349 F.2d 511, *cert. denied* (1965) 382 U.S. 896, 86 S.Ct. 193, 15 L.Ed.2d 153; Berg v. United States (9th Cir.) 176 F.2d 122, 125, *cert. denied* (1949) 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537; Caballero v. Hudspeth (10th Cir. 1940) 114 F.2d 545.) Moreover, double jeopardy is a personal defense, and Western cannot raise it on Hazan's behalf.

ELY, Circuit Judge (concurring):

I concur in Judge Madden's principal opinion, and I also agree with Judge Hufstedler's views concerning Hazan's waiver of any right on his part to urge, in our court, that he has been doubly jeopardized.