**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL MINERALS & CHEMICAL CORPORATION, Defendant.**

**No. 11616.**

United States District Court, S. D. Ohio, W. D.

May 11, 1970.

Probable Jurisdiction Noted Jan. 11, 1971.

See 91 S.Ct. 451.

---

Simon L. Leis, Jr., Asst. U. S. Atty., Cincinnati, Ohio, for plaintiff.

Leonard D. Slutz, Nichols, Wood, Marx & Ginter, Cincinnati, Ohio, for defendant.

### MEMORANDUM OF DECISION AND ORDER

PORTER, District Judge.

There is pending for decision a motion to dismiss the five-count information which started this prosecution March 2, 1970. The motion is made pursuant to Rule 12(b) (2) F.R.Crim.P.

Title 18 U.S.C., section 834(a) commands the Interstate Commerce Commission (hereinafter I.C.C.) to formulate regulations for safe transportation of explosives and other dangerous articles. Pursuant to that section the I.C.C. promulgated the following regulations:

(a) Each shipper offering for transportation any dangerous article subject to the regulations in this chapter, shall describe that article on the shipping paper by the shipping name prescribed in Section 172.5 of this chapter and by the classification prescribed in Section 172.4 of this chapter, and may add a further description not inconsistent therewith. 49 C.F.R., section 173.427.

Section 834(f) of 18 U.S.C. provides:

Whoever *knowingly* violates any such regulation shall be fined not more than $1,000 or imprisoned not more than one year, or both * * * (emphasis added).

The five counts contained in the information are bottomed on the above regulation in its relation to section 834 (f) in that they charge the defendant with knowingly failing to show on its shipping papers the required classification, or name and classfication, of the property shipped. The information does not, however, charge that the defendant knowingly violated the above regulation and such an omission, defendant contends, requires dismissal. In other words, the defendant asserts that there is a vast difference between intending not to do the act(s) which a statute commands and, on the other hand, purposely not doing such an act but with the added ingredient of a consciousness that it is illegal not to so do.

On the basis of Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952) ; St. Johnsbury Trucking Co., Inc. v. United States, 220 F.2d 393 (1 Cir., 1955) ; United States v. Chicago Express Inc., 235 F.2d 785 (7 Cir., 1956) ; United States v. Deer, 131 F.Supp. 319 (E.D.Wash.N.D.1955) ; United States v. Chicago Express, Inc., 172 F.Supp. 613 (E.D.Ill.1959), aff'd 273 F.2d 751 (7 Cir., 1960) we find that knowledge of violating the above I.C.C. regulation is an essential element of the crime charged under 18 U.S.C. section 834(f).

Hence, failure to make such an allegation(s) in the information warrants granting defendant's motion to dismiss. Rudin v. United States, 254 F.2d 45 (6 Cir., 1958).

Accordingly the motion is granted, and each count in the information is dismissed.